IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA STUMPF, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> REGIONAL ACCEPTANCE : <br> CORPORATION, : <br> : <br> Defendant. : <br> : | Civil Action <br><br> No. 20-cv-5387 |

**MEMORANDUM**

**Younge, J.**                                                                                                 **February 11, 2025**

**I.      INTRODUCTION**

Plaintiff Jessica Stumpf claims that Defendant Regional Acceptance Corporation inadequately investigated her credit account, which reported that her account at one time was past due but has since been closed. Ms. Stumpf argues that this reporting is inaccurate and will potentially mislead anyone reading her credit history, violating the Fair Credit Reporting Act. In opposition to Ms. Stumpf's claim, and currently before this Court, is Defendant Regional Acceptance Corporation's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 65).[1] For the reasons set forth in this Memorandum, the Court does not find Ms. Stumpf's claim meritorious, and accordingly, Defendant's Motion is granted.[2]

**II.     FACTUAL BACKGROUND**

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.
[2] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

On March 10, 2007, Jessica Stumpf ("Plaintiff") took out a loan for an automobile to be paid in monthly installments of $499 for 72 months. (Complaint ("Compl."), Exhibit B ("Exhibit B") p. 3). Throughout the life of the loan, Plaintiff made some of these monthly payments late. (Exhibit B. p. 3).

On January 13, 2014, Plaintiff fully satisfied the loan by making a final payment, which brought the balance to $0. (Compl. ¶ 10; Exhibit B, p. 3). This final payment was late, making the account delinquent at the time of the final payment. (Exhibit B, p. 3). At some point after this final payment in 2014, Plaintiff discovered that their account, which had its data furnished by Regional Acceptance Corporation ("RAC"), listed its status as "30 Days Past Due" with a balance of "$0." (Compl., Exhibit A ("Exhibit A"), p. 2; Compl., Exhibit C ("Exhibit C"), p. 2).

Following this discovery, on October 20, 2018, Plaintiff's counsel, sent separate letters to Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax"), disputing the accuracy of her account, and requesting a correction. (Exhibit A, p. 2; Exhibit C, p. 2). In said letters, counsel highlighted what they considered inaccurate: "The following account has a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late." (Exhibit A, p. 2; Exhibit C, p. 2). Further, the letters claim that the information that RAC provided them "is inaccurate and cannot be trusted." (Exhibit A, p. 2; Exhibit C, p. 2).

As a result of these demand letters, RAC investigated Plaintiff's account, and then verified the information on the account as accurate. (Compl. ¶¶ 15-16; Exhibit B, p. 3). In November 2018, in separate reports, RAC provided these results to Trans Union and Equifax. (Compl. ¶¶ 15-16; Exhibit B, p. 3; Compl. Exhibit D ("Exhibit D"), p. 2).

The Trans Union report, dated November 2, 2018, states the following: (1) In the "Remarks" field, the account is marked as "Closed," (2) in the "Balance" filed, the account is shown to have a $0 balance, (3) in the "Last Payment Made" field, the account shows the last payment was made on "1/13/2014," (4) in the "Date Updated" filed, the account shows "1/13/2014," (5) in the "Terms" field, the account shows "$449 per month, paid Monthly for 72 months," (6) in the "Date Closed" field, the account shows a "Maximum Delinquency of 30 days" and that this delinquency occurred in "09/2012" and "01/2024," and (7) in the "Date Closed" field, the account is shown as being closed on "1/13/2014." However, in the "Pay Status" field, the account is listed as "30 Days Past Due Date." (Exhibit B, p. 3).

Similarly, the Equifax report, dated November 14, 2018, states the following: (1) In the "ADDITIONAL INFORMATION" filed, it is marked as "Closed or Paid Account/Zero Balance," (2) in the "Balance Amount" and "Amount Past Due" fields, the account is shown to have $0 balance, (3) in the "Date of Last Payment" filed, the account shows "01/2024," and (4) in the "Date Closed" field, the account shows "01/2024." However, in the "Status" field, the account is listed as "30 – 59 Days Past Due." (Exhibit D, p. 3).

Based on these reports, Plaintiff argues that RAC did not conduct a good faith investigation, resulting in the account being inaccurate and misleading. (Compl. ¶¶ 19, 22). Accordingly, on October 28, 2020, Plaintiff filed a Complaint alleging that RAC's actions violated the Fair Credit Reporting Act, 15 U.S.C. §§ 168, *et seq.* ("FCRA"). [3] (Compl. ¶ 54). On August 23, 2021, RAC filed the present Motion for Judgment on the Pleadings. (ECF No. 65).

**III.    LEGAL STANDARD**

---

[3] Plaintiff also alleged that Trans Union and Equifax violated FCRA, naming them as defendants, but later agreed to their dismissal in stipulations. (ECF No. 91 & 92).

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). In deciding such a motion, the court must view the facts asserted in the pleadings in the light most favorable to the non-moving party. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). In addition to the pleadings, the court may consider "attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record." *Certain Underwriters at Lloyd's London v. Peerstar, LLC*, 649 F. Supp. 3d 73, 78 (E.D. Pa. 2023) (quoting *Burlington Ins. Co. v. Shelter Structures, Inc.*, 484 F. Supp. 3d 237, 240 (E.D. Pa. 2020)).

A Motion for Judgment on the Pleadings will be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Kruzits v. Okuma Machine Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994) (quoting *Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). Essentially, the "court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6) but may also review the answer and instruments attached to the pleadings." *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 400 (W.D. Pa. 2012) (quoting *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010)).

**IV.    DISCUSSION**

Congress enacted FCRA to protect consumers from the transmission of inaccurate information about their credit and to establish credit reporting practices that use accurate information. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010). Section 1681s-2(b) of the Act imposes duties on furnishers of information, such as RAC, "who [have] been notified by a consumer credit reporting agency that a consumer has disputed information furnished by

that furnisher/creditor." *Harris v. Penn. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017). Following their receipt of such notice, the furnisher "must conduct a reasonable investigation and follow the procedures prescribed by § 1681s-2(b)(l)(A) through (E)." *Id.* at 90-91. Violations of this duty, including Plaintiff's assertion against RAC in their Complaint, are actionable under Sections 1681n and 1681o of the Act. *See* 15 U.S.C. 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable."); 15 U.S.C. 1681o(a) ("Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable.").

Plaintiff's claim that RAC "violated its duty 15 U.S.C 1681s-2(b)" fails as a matter of law because the Complaint does not demonstrate the information RAC reported was inaccurate. (Compl. ¶ 54). "A showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information." *Roach v. Navy Fed. Credit Union*, No. 24-6408, 2025 WL 257128, at *4 (E.D. Pa. Jan. 21, 2025) (citing *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021)). If the report is accurate, then a plaintiff could not plausibly allege the defendant violated its duty to "delete or correct allegedly incorrect information," leading a court to hold that the "judgment on the pleadings is granted." *Ostrander v. Trans Union LLC*, No. 20-5227, 2021 WL 3271168, at *12 (E.D. Pa. July 30, 2021).

In the Third Circuit, [4] court's review the accuracy of reporting information under the "reasonable reader" standard, which "determines how a reasonable reader would have

---

[4] In the parties' joint April 22, 2024 status report to this Court (ECF No. 87), Plaintiff requests the Court dismiss the present Motion because they believe that the Supreme Court's decision in *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 42 (2024) supersedes the Third Circuit's opinion in *Bibbs*, which Defendant's rely on heavily in their briefing. This Court will not comply with Plaintiff's request because their reading of *Kirtz*

comprehended a report." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022); *see also Holland*, 574 F. Supp. 3d at 299 (analyzing a credit report "[f]rom the perspective of a reasonable person, user or creditor[.]") This standard accounts for the range of users that FCRA contemplates might read a credit report, "including, but not limited to, potential and actual employers, investors, and insurers." *Id.* (citing 15 U.S.C. § 1681b(a)). Under this standard, an entry in a report must be "read in its entirety," rather than "in isolation," to determine the accuracy of an entry. *Bibbs*, 43 F.4th at 342. "[I]f an entry is inaccurate or ambiguous when read both in isolation and in the entirety of the report, that entry is not accurate[.]" *Id.* However, "even if the information in a credit report "is technically correct, it may nonetheless be inaccurate if, through omission, it creates a materially misleading impression." *Id.* at 343

Here, when Plaintiff's credit report is considered in its entirety, the entries are neither inaccurate nor misleading. In Plaintiff's claim against RAC, the Complaint primarily takes issue with the "Pay Status" on RAC's Investigation Results, which reads "Account 30 Days Past Due Date." (Exhibit B, p. 3). Plaintiff argues that because his account was "fully satisfied" and brough to a current "0 balance" in January 2014, RAC's decision to report anything as "late" is inaccurate and misleading. (Compl. ¶¶ 10 & 14). In support of this argument, Plaintiff points to Trans Union's definition of "Pay Status" in the glossary of terms that Trans Union attached to its investigation report, which defines it as the following: "The current status of the account; how you are currently paying." (ECF No. 71-1, p. 2). Further, in her briefing, Plaintiff argues that the following indicates that the report is misleading:

---

is misguided. In *Kirtz*, where the Supreme Court determined "whether one of the Nation's largest lenders—the federal government—is also susceptible to suit [under FCRA]," 601 U.S. at 45, the Court held that a federal agency can be held liable for violating FCRA. *See id.* at 45-64. No federal agency is involved in this case, so the holding in *Kirtz* does not warrant dismissal of the present Motion.

1. The absence of the word "paid;"

2. The failure to credit Plaintiff with her final payment on January 13, 2024, while also reporting that the December 2013 payment was 30 days past due;

3. Reporting the terms of the payment obligation of $449 per month as "Terms: $449 per month, paid Monthly…;" and

4. Reporting ">Maximum Delinquency of 30 days in 9/2012 and in 01/2014<."

(Pl.'s Brief, p. 3-4). The case law, however, does not support Plaintiff's interpretation of this information.[5]

As explained by the Third Circuit in *Bibbs*, if the report is read in its entirety, historical notations on a credit report are not inaccurate nor misleading when the account is clearly closed. *See* 43 F.4th at 342-44. In that case, the credit report included entries that stated (1) "Pay Status: >Account 120 Days Past Due Date<;" (2) "ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE.;" (3) "Date Closed: 04/05/2018.;" and (4) a "$0" balance. *Id.* at 343. Because the "reports contain[ed] multiple conspicuous statements reflecting that the accounts [were] closed and Appellants [had] no financial obligations to their previous creditors," the Circuit held that despite the "Pay Status notations," the "reasonable interpretation of the reports in their entirety is that the Pay Status of a closed account is historical information." *Id.* at 344. While the Circuit acknowledged that the reports could have been made clearer, it explained that "[t]he possibility of further clarity is not an indication of vagueness; just because a report could potentially be a bit clearer does not mean that it is not very clear at present." *Id.*

Since *Bibbs*, courts within this Circuit analyzing similar facts have continually found that a reasonable reader can both understand that a report includes historical information, while also

---

[5] Notably, Plaintiff's briefing makes no argument based on the Equifax report.

understanding that said account is closed. *See, e.g., Re: White v. Flagstar Bank, F.S.B.,* No. 24-0177, 2024 WL 5360095, at *4-5 (D.N.J. Nov. 7, 2024) (holding that despite the report listing information as "derogatory, a wage earner plan, and included in Chapter 13 Bankruptcy," some "reasonable reader reading the report in its entirety would clearly comprehend the report made by Flagstar to be historical, past information since the account is listed as closed."); *Martinez v. Trans Union, LLC*, No. 20-3851, 2024 WL 3460110, at *3 (E.D. Pa. July 18, 2024) (granting a defendant's motion for judgment on the pleadings where the report "simultaneously showed both a $0 balance and the present status 'Pay Status: Account 30 Days Past Due Date.'").

And even before *Bibbs*, courts in this Circuit have issued holdings consistent with *Bibbs'* logic. *See, e.g., Sigler v. Trans Union LLC*, No. 20-4198-KSM, 2022 WL 672685, at *3 (E.D. Pa. Mar. 7, 2022), *aff'd*, No. 22-2131, 2023 WL 4046874 (3d Cir. Jan. 4, 2023) ("Although the Pay Status is listed as 'past due,' the report clearly indicates that the account is closed and has a balance of $0."); *Walker v. Trans Union LLC*, No. 20-5179, 2021 WL 5866876, at *9 (E.D. Pa. Dec. 10, 2021) ("A credit report listing a 'Pay Status' or 'Status' as past due at some point in the past is not inaccurate as a matter of law when the credit report, considered as a whole, demonstrates to a reasonable person that the account was, is, and continues to be closed."); *Holland*, 574 F. Supp. 3d at 299 (holding that despite the "Pay Status" entry, "[v]iewing Mr. Holland's credit report as a whole, as the Court must, Mr. Holland's credit report is not 'inaccurate' or 'misleading' such that it would have an adverse effect on Mr. Holland.") (internal citations omitted).

The Circuit has since affirmed or approved the decisions that applied *Bibbs* logic prior to the *Bibbs* decision. *See, e.g., Holland v. Trans Union LLC*, No. 30-1, No. 22-1409 (3d Cir. Jan. 4, 2023) ("We are not persuaded by the plaintiff's attempt to distinguish this case from *Bibbs*.");

*Walker v. Trans Union LLC*, No. 25-1, No. 22-1406 (3d Cir. Jan. 4, 2023) (same); *Sigler v. Trans Union LLC*, No. 27-1, No. 22-2131 (3d Cir. Jan. 4, 2023) (same).

A reasonable reader reading RAC's investigative report of Plaintiff's loan in its entirety would clearly understand that the account is closed, paid in full, and includes some notations of historical information. Thus, the information on said report is accurate and not misleading to a reasonable reader. From the perspective of a reasonable reader, looking at the entire report in Exhibit B of the Complaint, there is one reasonable reading: For 72 months Plaintiff was to pay $499 monthly toward the loan, Plaintiff was delinquent on the loan in January 2014, he made his last payment on January 13, 2014, bringing the balance to $0, thus closing the account in January 2014. While some marking of "paid" would make the report more clear, further clarity does mean that the report is vague enough to be misleading. *See Bibbs*, 43 F.4th at 344. Because the account was "last updated" on January 13, 2014, has a $0 balance, is marked as "CLOSED," the account clearly indicates that it has remained closed since January 13, 2014. Therefore, the "Pay Status" must refer to the status on the date it was closed, which is also the last date it was "updated."[6] For these entries to reasonably reflect that Plaintiff was currently past due, the 30 days reported in the "Pay Status" and the "Maximum Delinquency of 30 days in 09/2012 and in 01/2014" would not be capped at 30 days, but instead would have continued to accrue way

---

[6] In *Holland*, the plaintiff similarly requested the court to consider the Trans Union definition of "Pay Status." There, Judge Pratter decided not to consider this definition because "the [c]ourt analyzes the account information from the perspective of a reasonable user or creditor who does not have access to the investigation report's glossary, the definition of the "Pay Status" field in Trans Union's report is beside the point." *Id.* at 299. This Court agrees with Judge Pratter. Further, Judge Pratter explains that even if the court were to consider the Trans Union glossary, the glossary clearly states: "For inactive accounts or accounts that have been closed and paid, Pay Status represents the last known status of the account." *Id.* at 299, n.2. The same is true here. (ECF No. 71-1, p. 2). Accordingly, if this Court were to consider this glossary, which it is not, then it would work against Plaintiff's claim.

beyond that time period. Further, under this logic, the information about the "terms" clearly refers to the terms of the loan when it was active just prior to its closing in January 2014. For all these reasons, and notably because the report includes numerous indications that account is closed, the information on the report is accurate and not misleading.[7]

Plaintiff points the Court to select cases in this District where courts have denied dispositive motions with similar facts. (ECF No. 71, p. 5-7) (collecting cases). However, these cases predate *Bibbs*, where the Circuit held that credit reports showing a "Past Due" account status are not inaccurate or misleading as a matter of law when the account, read in its entirety, is reported as "closed," includes other indications that it is closed, and has a $0 balance. *See* 43 F.4th 331, 345 (3d Cir. 2022). Further, Plaintiff attempts to distinguish this case from the "*Bibbs* line of cases" by highlighting that the account in *Bibbs* was transferred, rather than paid in full like in this case. In *Ostrander*, Judge Smith addressed this exact argument, finding no distinction that mattered between accounts that were transferred and those that were paid because the court's approach of reading the report as a whole and drawing a logical conclusion from that reading would be applied to either credit report. *See* 2021 WL 3271168, at *8. The Third Circuit upheld the *Ostrander* decision and said the following: "We are not persuaded by the plaintiff's attempt to distinguish this case from *Bibbs*." *Ostrander v. Trans Union LLC*, No. 47-1, No. 21-2443 (3d

---

[7] While Plaintiff seemingly abandoned their theory that the Equifax report is inaccurate or misleading, this Court will briefly explain why it is accurate because the theory was presented in the Complaint. To a greater degree than the Trans Union report, the Equifax report presents numerous markings that clearly indicate that Plaintiff's account is closed and fully paid. For example, it says "Closed or Paid Account/Zero Balance," includes other markings that no other money is due, and shows that the account was closed in "01/2014." A reasonable reader would understand that the account was closed and paid in full, and that the status of "30 – 59 Days Past Due" is simply historical information about the account.

Cir. Jan. 4, 2023). As such, this Court will not distinguish this case based on the fact the account was paid in full.

Accordingly, the Court holds that Plaintiff has failed to establish that her account is inaccurate or misleading and will grant judgment in Regional Acceptance Corporation's favor. Further, the Court will not grant Plaintiff leave to amend. "[A] district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008). Amendment would be futile in this case because Plaintiff has not demonstrated that she may be able to plead inaccuracy in RAC's reporting.

## V.     CONCLUSION

For the foregoing reasons, Defendant Regional Acceptance Corporation's Motion for Judgment on the Pleadings is granted without leave to amend.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**